UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RACHANA DUONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID JENNINGS, et al.,<br><br>Defendants. | Case No.  20-cv-02864-RMI<br><br>**ORDER ON RESPONDENTS' MOTION FOR STAY; AND DIRECTIONS TO THE PARTIES**<br><br>Re: Dkt. No. 14 |

Now pending before the court is a Petition for Writ of Habeas Corpus filed by two individual petitioners, Rachana Duong and Kethikoun Keo, both of whom are refugees from Cambodia that are currently being held at the Yuba County Jail ("YCJ") by United States Immigration and Customs Enforcement ("ICE"). *See generally* Pet. (dkt. 1). Additionally, while Petitioners have filed a Motion for Temporary Restraining Order (dkt. 3), seeking immediate release from immigration custody, Respondents have filed a Motion to Stay (dkt. 14) this case, in light of the duplicative case doctrine, such that Petitioners can seek the relief sought here in the currently-pending class action case styled as *Angel de Jesus Zepeda-Rivas v. David Jennings et al.*, Case No. 3:20-cv-02731-VC. Petitioners oppose the issuance of a stay. *See* Pets.' Reply Br. (dkt. 15) at 13-19). Following a referral for the purpose of determining the relationship between this case and the class action (dkt. 16), the Honorable Vince Chhabria entered an order stating that "[t]he Court's current view is that an individual case should be deemed related to this class action if it includes nothing that falls outside the scope of this class action – that is, if the sole claim for relief in the individual case involves allegedly unconstitutional conditions of confinement relating to Covid-19 at Mesa Verde or Yuba County Jail." *See* Order Regarding Related Cases (dkt. 176)

United States District Court
Northern District of California

(filed in Case No. 3:20-cv-02731-VC) at 1.

Petitioners here allege essentially the same claim – that is, that they suffer from chronic preexisting medical conditions that substantially increase the likelihood of severe complications from COVID-19 and that because of the cramped conditions and communal facilities at the YCJ, it is effectively impossible for them to protect themselves against COVID-19 infection while incarcerated there. *Id*. at 2. Petitioner Duong, who has been diagnosed with asthma (among other conditions), is currently in removal proceedings and has been in ICE detention at YCJ since March 17, 2020. *Id*. at 5-6. Petitioner Keo, who has been diagnosed with congestive heart failure and high blood pressure, has been detained at YCJ since December of 2019, following the issuance of a final order of removal. *Id*. at 6; *see also* Pets.' Opp. (dkt. 150) (filed in Case No. 3:20-cv-02731-VC) at 4. The essence of Petitioners' single claim in the habeas petition is that, as civil detainees, their substantive due process rights are violated by the combination of their preexisting medical conditions and the impossibility of protecting themselves from COVID-19 infection at the YCJ. *See* Pet. (dkt. 1) at 16.

Petitioners oppose the entry of a stay in this case and maintain that this case is distinguishable from *Zepeda-Rivas* "because Petitioners [here] seek individual relief based on a factual record replete with evidence of their individual circumstances, while *Zepeda-Rivas* seeks systemic reform whose impact on Petitioners is uncertain." Pets.' Reply Br. (dkt. 15) at 13. In short, Petitioners submit that Respondents bear the burden of demonstrating that convenience and judicial economy would result from consolidation. *Id*. The court finds Petitioners' attempts to draw distinctions between the relief currently sought in this case, and the relief being granted to class members in *Zepeda-Rivas* to be unpersuasive. *See* Standard for Considering Bail Requests (dkt. 90) (filed in Case No. 3:20-cv-02731-VC) at 1 (describing the individualized determination for suitability for immediate release on bail based on a number of factors including the risk posed to an individual detainee by current conditions at the detention facility); *see also* Order Granting TRO (dkt. 53) (*Zepeda-Rivas*); *see also* Draft Short Form Bail Appliction (dkt. 65) (*Zepeda-Rivas*) (considering, among other things, the "[m]edical condition(s) that put detainee at risk"). Another ground for opposing a finding that this case is related to *Zepeda-Rivas*, urged by Petitioner Keo, is

the *possibility* that at some point in the future Petitioner Keo "may challenge his [continued] detention on the additional ground that it [has become] indefinite" (*see* Pets.' Opp. (dkt. 150) (filed in Case No. 3:20-cv-02731-VC) at 4), however, the Petition at bar (dkt. 1) currently includes no such claim, and if Petitioner Keo manages to secure release from custody by way of bail through *Zepeda-Rivas*, then any potential claim that complains of indefinite detention would be moot before it is even viable in light of having secured release on bail. However, at the moment, Petitioner Keo concedes that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a period of post-removal-order detention of up to 6 months is presumptively reasonable, and that a 6-month period of time has not yet expired since the commencement of Petitioner Keo's detention by ICE.[1] *See* Pets.' Opp. (dkt. 150) (filed in Case No. 3:20-cv-02731-VC) at 4 (expressing doubt about "ICE's current ability to repatriate individuals to Cambodia."). In any event, ICE's purported inability to repatriate individuals to Cambodia is called into question by the fact that, in January of 2020, ICE did in fact deport 25 refugees back to Cambodia.[2]

Thus, it is hereby **ORDERED** that this matter is **STAYED** pending further action relating to these Petitioners in the *Zepeda-Rivas* case. Promptly after the issuance of a final release determination concerning these Petitioners in the *Zepeda-Rivas* case, counsel for the Parties shall inform the court of that determination and shall make any further filings or requests that may be appropriate under the circumstances. Petitioners' counsel are hereby **ORDERED** to communicate

---

[1] *See id*. at 701 ("Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

[2] *See* Yam, Kimmy, *ICE deported 25 Cambodian immigrants, most of whom arrived in the U.S. as refugees*, https://www.nbcnews.com/news/asian-america/ice-deported-25-cambodian-immigrants-most-whom-arrived-u-s-n1117906 (last checked 05/18/2020 at 2:19 p.m.) ("The backlash prompted Cambodia to drastically cut back on deportations, and in August 2017, the country halted issuing travel documents for deportation. However[,] when the Trump administration slapped visa sanctions on the country, barring high-ranking Cambodian officials and their families from traveling to the U.S., Cambodia responded by issuing roughly 50 travel documents by the end of the year.").

3

1 and coordinate with counsel of record in the *Zepeda-Rivas* case such as to promptly prepare and
2 present Petitioners' bail applications in that case.
3     **IT IS SO ORDERED.**
4 Dated: May 18, 2020

                                                ROBERT M. ILLMAN
                                                United States Magistrate Judge

United States District Court
Northern District of California